639 So.2d 1196 (1994)
STATE of Louisiana
v.
Cantrelle BRUMFIELD.
No. 93-KA-2087.
Court of Appeal of Louisiana, Fourth Circuit.
June 30, 1994.
Harry F. Connick, Dist. Atty., Val M. Solino, Asst. Dist. Atty., New Orleans, for plaintiff/appellee.
George A. Blair, III, New Orleans, for defendant/appellant.
Before BARRY, BYRNES and PLOTKIN, JJ.
BARRY, Judge.
A jury found the defendant guilty of one count of distribution of cocaine (LSA-R.S. 40:967(A)(1)), and one count of possession of cocaine, twenty-eight to 200 grams (LSA-R.S. 40:967(F)(1)(a)). He was sentenced on the distribution charge to five years at hard labor and $167.50 in court costs plus thirty days imprisonment in default thereof. On the possession charge he received five years at hard labor, without benefit of parole, plus a $50,000 fine, $40,000 of which was suspended, plus one year imprisonment in default of the fine. The sentences are to run concurrent.
The defendant assigns as error: 1) insufficiency of the evidence; and 2) denial of his motion for post verdict judgment of acquittal based on insufficient evidence. We affirm.

FACTS
On December 9, 1992 Detectives Charles Watkins and Kevin Imbraguglio observed the defendant from a surveillance which was set up following reports that cocaine was being sold by persons known as Duge, Tide, Merlin, Mookie and Bird. Officer Watkins was familiar with Merlin and Mookie from previous investigations, and the defendant admitted that he is known as Duge.
*1197 Officer Watkins testified that he used a video camera and binoculars.[1] The detectives saw the defendant open the trunk of a parked gray vehicle near 3200 Caladium, look around and remove a large white bag from his waistband and place it in the trunk. He closed the trunk, walked out of sight and returned as a passenger in a blue vehicle. The video shows the defendant open the trunk of the gray vehicle, remove the white bag, place it into the front of his pants and pull his sweatshirt over it.
Watkins radioed for assistance, and undercover Detective Leon Duncan observed the defendant walk along a wall in the direction of 3205 Caladium. Someone in a green Cadillac drove up and the defendant motioned to him. The defendant walked toward 3205 Caladium, out of Watkins' sight. Detective Duncan observed the defendant enter an apartment at 3205 Caladium and exit moments later. The defendant, back in sight of Watkins and the video camera, walked to the driver's side of the Cadillac and an exchange took place. The defendant was observed counting money.
When the Cadillac moved out of the immediate area, Detectives J. Vitrano and Jeff Robertson stopped the vehicle and found a quarter-ounce bag of cocaine on the front passenger seat. The officers seized a beeper from the driver, Waddell Coleman.
Meanwhile, the defendant was observed leaving in the gray vehicle. He stopped to pick up Merlin Gray and drove off. Detective Felix Joseph stopped them and took them to the Caladium residence.
The officers immediately secured the apartment to prevent disposal of evidence while they obtained search warrant. A search warrant was executed and the officers conducted a full search. Detective Lemmie Rodgers found thirty-six quarter-ounce ziploc bags of cocaine inside a white plastic bag in a diaper bag in an upstairs bedroom. The defendant was arrested and $273.00 was on his person.
The video was shown to the jury and narrated by Detective Watson. It was stipulated that the substance found in the ziploc bags tested positive for cocaine and had a net weight (without packaging) of 202.41 grams[2]; that the substance in the plastic bag in Coleman's vehicle tested positive for cocaine and had a net weight of 5.62 grams; and a quarter-ounce bag of cocaine was worth approximately $250 to $300. It was also stipulated that utility accounts for 3205 Caladium were in the name of Latanda St. Cyr and Johnnie Mae St. Cyr, and the beeper was in the name of Waddell Coleman. It was established that defendant did not live there.
The defendant testified that he was visiting friends in the 3200 block of Caladium when police officers stopped him. He claimed the police did not identify themselves and told him it was a kidnapping. The defendant denied putting the white package into the trunk of the car and claimed Detective Watkins lied when he testified. He explained that the plastic bag retrieved from the trunk and placed in his pants (recorded on videotape) contained pictures he was going to show a friend who lived in an apartment behind 3205 Caladium. The defendant testified that Detective Duncan lied when he said the defendant entered and exited 3205 Caladium. The defendant testified that he knocked on the door of 3205 Caladium but did not go inside the apartment. He denied knowing the person in the green Cadillac.

ERROR PATENT REVIEW
The record has an error patent. On the possession charge, the defendant was sentenced to the minimum sentence of five years at hard labor, without benefit of probation or parole. The trial judge initially fined the appellant $10,000. The district attorney advised the court that the minimum under the statute was $50,000. The judge then set the fine at $50,000 and suspended $40,000. The state made no further comment or objection and failed to raise the issue on appeal. Subsection G of LSA-R.S. 40:967 requires that, as to sentences under Subsection F, the *1198 adjudication of guilt or imposition of a sentence "shall not be suspended, deferred, or withheld." The defendant's sentence is thus illegally lenient. However, this Court cannot correct an error favorable to a defendant which was not raised by the state. State v. Fraser, 484 So.2d 122 (La.1986); State v. Jackson, 452 So.2d 682 (La.1984).

SUFFICIENCY OF THE EVIDENCE
The defendant argues that the evidence is insufficient to support his convictions and that the trial court erred by denying his motion for post-verdict judgment of acquittal on that basis.
This Court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. State v. Heck, 560 So.2d 611, 614-615 (La.App. 4th Cir.), writ den. 566 So.2d 395 (La.1990), citing Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987). Where the conviction is based upon circumstantial evidence, LSA-R.S. 15:438 provides that such evidence must exclude every reasonable hypothesis of innocence. State v. Heck, supra, citing State v. Langford, 483 So.2d 979 (La.1986). However, R.S. 15:438 does not establish a stricter standard of review than the reasonable doubt formula, but is merely an evidentiary guide for the jury when considering circumstantial evidence. State v. Heck, supra, citing State v. Porretto, 468 So.2d 1142 (La.1985).
The elements of distribution of cocaine are 1) knowingly or intentionally 2) distributing 3) a controlled dangerous substance classified in Schedule II.[3] LSA-R.S. 40:967(A).
Detective Watkins testified that the defendant motioned for the driver of the green Cadillac to pull into the driveway. The defendant left the area for a few minutes. Detective Duncan saw the defendant enter and exit 3205 Caladium, where thirty-six quarter-ounce bags of cocaine were found. When the defendant returned to the green car, he made an exchange and was observed counting money. The driver of the green Cadillac, Waddell Coleman, was stopped and found to be in possession of a quarter-ounce bag of cocaine. It was stipulated that the retail price of a quarter bag of cocaine was $250 to $300 dollars, and $273 was found on defendant shortly after the exchange.
The elements of possession of cocaine are 1) knowingly or intentionally 2) possessing 3) cocaine. LSA-R.S. 40:967; State v. King, 602 So.2d 121, 124 (La.App. 4th Cir.), writ den. 608 So.2d 192 (La.1992).
Detective Watkins set up a surveillance based on complaints of drug activity and an informant's tip. During that surveillance Detective Watkins observed the defendant place a white bag into the trunk of a gray vehicle. The defendant removed the bag, placed it in his pants and covered it with his sweatshirt. Detective Duncan testified that the apartment which defendant entered after he left Watkins' field of vision was 3205 Caladium Lane. Detective Watkins testified that the bag removed by the police from 3205 Caladium Lane appeared to be the same bag defendant placed into the trunk of the gray vehicle and then removed and placed inside his clothing. The bag contained thirty-six clear plastic bags which were the same size and packaging as the quarter-ounce bag seized from Waddell Coleman's vehicle. It was stipulated that a chemist would testify the bag contained 202.41 grams of cocaine.
The defendant testified that the bag which he retrieved from the trunk contained photographs which he placed under his clothing to protect from the rain and that he was taking the photos to a friend who lived near 3205 Caladium. He denied that he knew the driver of the Cadillac. The jury clearly rejected the defendant's testimony.
A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Harris, 625 So.2d 228 (La.App. 2d Cir.1993), citing State v. Rogers, 494 So.2d 1251 (La.App. 2d Cir.1986), writ den. 499 So.2d 83 (La.1987). If a rational trier of fact reasonably rejects the defendant's hypothesis of innocence, that hypothesis fails. State v. *1199 Captville, 448 So.2d 676 (La.1984). In this case, a jury could reasonably reject the defendant's hypotheses that the bag contained photographs and that he merely had a conversation with Coleman, who was a stranger to him.
Considering the evidence in the light most favorable to the prosecution, we conclude the evidence supports convictions on both counts. The convictions and sentences are affirmed.
AFFIRMED.
NOTES
[1] On the video, one of the detectives (it is not clear which one) can be heard saying that he did not have his binoculars.
[2] Detective Duncan testified that there are twenty-eight grams per ounce.
[3] Classification of controlled substances is set forth in LSA-R.S. 40:964.