liLANDRIEU, Judge.
In response to a confidential tip, the New Orleans Police Department conducted a surveillance of the residence at 3728 Cadillac Street on April 1,1993. In a short period of time, two separate visitors entered the residence and left minutes later. One of the visitors was arrested for possession of cocaine. Based on these activities, the police applied for a search warrant. While the police were awaiting the warrant, Kermit L. Ganier, Jr. and his wife, Katanya Ganier, left the house. Based on the application for a warrant and the belief that the Gamers were in possession of contraband, the Ganiers were stopped at Gentilly Boulevard and Paris Avenue. As he approached the car, Officer Wayne Farve observed Mrs. Ganier attempt to hide something beneath the car seat. After removing her from the car, he found a small bag containing partially burned marijuana cigarettes and marijuana residue.
The Ganiers were taken back to their home. After receiving word that the search warrant had been obtained, a search of the house was conducted. The search disclosed two guns, a beaker and test tube containing cocaine residue, a telephone bill in defendant’s name, as well as a plastic bag containing ^smaller plastic bags filled with cocaine was found inside the clothes dryer. The weight of the cocaine was fifty-eight grams.
Charged by bill of information with possession of twenty-eight or more but less than two hundred grams of cocaine, the Ganiers pleaded not guilty. At trial, however, Ganier admitted that the cocaine belonged to him. He further testified that his wife disapproved of his using cocaine and that she did not know about it. Ms. Ganier testified that she did not know about the cocaine in the dryer. A twelve-member jury found Ganier guilty as charged but was unable to reach a verdict as to Mrs. Ganier.[1] On appeal, Ganier challenges the validity of the statute, as well as the sufficiency of the evidence.

ERRORS PATENT:

A review of the record reveals an error patent with regard to defendant’s sentence. In May 1994, Ganier was sentenced to five years at hard labor without benefit of probation, parole, or suspension of sentence. In response to the State’s motion to correct illegal sentence, the trial court imposed a fine of $10,000 which was then suspended.
At the time of the offense, the minimum sentence for possession of more than twenty-eight but less than two hundred grams of cocaine was five years at hard labor and a fine of $50,000. Subsection G of La. Rev.Stat. 40:967 (West 1992) requires that as to sentences under Subsection F the imposition of sentence shall not be suspended. Therefore, Ganier’s sentence which provides for a suspended fine of $10,000 is illegally lenient. State v. Brumfield, 93-2087 (La. App. 4th Cir., 6/30/94), 639 So.2d 1196, 1197-98. However, this Court cannot cure an error favorable to a defendant which was not raised by the State. State v. Fraser, 484 So.2d 122, 124-25 (La.1986).
*931 1 -¿ASSIGNMENT OF ERROR NO. 1
In his first assignment of error, Ganier attacks the constitutionality of the statute underlying his conviction.[2] Statutes are presumed valid and the constitutionality of a statute is upheld whenever possible. State v. Griffin, 495 So.2d 1306, 1309 (La. 1986). Accordingly, the party challenging the statute bears the burden of proving its unconstitutionality. Id. If there exists a reasonable relationship between the law and the promotion or protection of a public good, such as health, safety, or welfare, such an attack will fail. Id. (citation omitted). In order to satisfy constitutional due process requirements, the legislation must have a rational relationship to a legitimate state interest. Id. (citations omitted).
At the time of the offense, La.Rev.Stat. 40:967(F)(l)(a) provided:
F. Other penalties of possession. (1) Except as otherwise authorized in this Part:
(a) Any person who knowingly or intentionally possesses twenty-eight grams or more, but less than two hundred grams, of cocaine or of a mixture or substance containing a detectable amount of cocaine or of its analogues as provided in Schedule 11(A)(4) of R.S. 40:964, shall be sentenced to serve a term of imprisonment at hard labor of not less than five years, nor more than thirty years, and to pay a fine of not less than fifty thousand dollars, nor more than one hundred fifty thousand dollars.
Ganier contends that the language “a mixture or substance containing a detectable amount of cocaine,” added in 1991, criminalizes non-criminal activity, namely the possession of substances that have not been found to be controlled Udangerous substances and do not fit under Schedule 11(A)(4) of La.Rev. Stat. 40:964 (West 1992), which states in pertinent part:
A. Substances of vegetable origin or chemical synthesis. Unless specifically excepted or unless listed in another schedule, any of the following substances whether produced directly or indirectly by extraction from substances of vegetable origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis:
‡ * ⅜ * * *
(4) Coca leaves, cocaine, ecgonine and any salt, isomer, salt of an isomer, compound, derivative, or preparation of coca leaves, cocaine or ecgonine and any salt, isomer, salt of an isomer, compound, derivative, or preparation thereof which is chemically equivalent of identical with any of these substances, except that the substances shall not include decocainized coca leaves or extraction of coca leaves, which extractions do not contain cocaine or ecgo-nine.
Ganier argues that the statute is overly broad because it criminalizes the possession of non-controlled substances, which he claims is constitutionally protected conduct. By example, Ganier contends that under the statute a person possessing a substance containing 199.5 grams of talcum power, sugar, baking soda, or other non-controlled substance and 0.5 grams of cocaine would be subject to a maximum thirty year sentence while the same person been caught with 0.5 grams of pure cocaine would only be subject to a five year sentence.
Individuals are protected by the Fourteenth Amendment of the U.S. Constitution from incursions by the State into certain areas of their lives. Accordingly, a statute is overly broad and constitutionally defective if it extends state criminal authority beyond the proper reach of government into one of these protected areas. Griffin, 495 So.2d at 1309. Overbreadth invalidation of statutes is generally inappropriate when the allegedly impermissible application |sof the challenged statute affect conduct rather than speech. State v. Greco, 583 So.2d 825, 829 (La.1991) (citation omitted).
*932 One is not subject to criminal prosecution for possessing a non-controlled substance as long as it does not contain a detectable amount of cocaine or other controlled dangerous substance. Nor are we persuaded by Gamer’s hypothetical, “[a] person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be unconstitutionally applied to others in other situations not before the court.” Greco, 583 So.2d at 828-29.
Ganier also argues that La.Rev.Stat. 40:967(F)(l)(a) violates the constitutional guarantee of equal protection of the laws in that it creates classifications that have no rational relationship to combatting illegal drug activity. He sets forth several hypothetical cases of unequal treatment depending on the amount of pure cocaine and the amount of the non-controlled substance used as a cutting agent. However, as previously stated, constitutional challenges may not be based on hypothetical situations.
Next, Ganier asserts that the State’s purpose of deterring, prohibiting, sanctioning, and discouraging the possession of cocaine is not furthered by the harsher classification of Subsection (F)(1)(a). It is well settled, however, that the Legislature is afforded wide latitude in making statutory classifications affecting the public health, safety and welfare. State v. Bonanno, 384 So.2d 355, 359 (La.1980) (citations omitted). We find that Gamer does not sustain his burden of proving that the classification contained in Subsection (F)(1)(a) is without a rational basis and that the statutory provision constitutes an appropriate exercise of police power and furthers a legitimate state purpose. See State v. Wilson, 588 So.2d 733 (La.App. 5th Cir.1991).
| (¡Finally, Ganier asserts that Subsection (F)(1)(a) is unconstitutionally vague because it defines the controlled dangerous substance in the penalty portion of the statute which conflicts with the definitions of controlled dangerous substance and cocaine in other parts of the Controlled Dangerous Substance Act. He argues that because of this conflict, a reasonable person cannot understand the law and avoid violating it.
“A criminal statute is unconstitutionally vague if it does not give individuals adequate notice that certain conduct is proscribed and punishable by law, and if it does not provide adequate standards for those charged with determining the accused’s guilt or innocence.” State v. Pierre, 500 So.2d 382, 384 (La.1987) (citation omitted). A penal statute must describe unlawful conduct with sufficient particularity and clarity so that ordinary persons of reasonable intelligence are capable of discerning its meaning and conforming their conduct thereto. Id. In determining the meaning of a statute, penal statutes must be “given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision.” La. Rev.Stat. 14:3 (West 1986).
The statute describes the unlawful conduct, possession of cocaine, with sufficient clarity that persons of reasonable intelligence are capable of discerning its meaning and conforming their conduct accordingly. This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2:

In his second assignment of error, Ganier complains that the State failed to prove his guilt beyond a reasonable doubt. He argues that the State presented insufficient evidence of an essential element of the offense, namely the amount of cocaine in the substance seized from his house.
|7The standard for reviewing a claim of insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Rosiere, 488 So.2d 965, 968 (La.1986). Under La.Rev.Stat. 40:967(F)(1)(a), the State must prove that the defendant knowingly and intentionally possessed twenty-eight grams or more, but less than two hundred grams, of cocaine or a mixture or substance containing *933 a detectable amount of cocaine or its analogues.
Ganier admitted the cocaine belonged to him. Daniel Waguespack, a crimi-nalist, testified that the powder contained cocaine and weighed fifty-eight grams. Accordingly, the State proved defendant’s guilt beyond a reasonable doubt. This assignment of error is also without merit.
For the foregoing reasons, Garner’s conviction and sentence are affirmed.
AFFIRMED.

. Mrs. Ganier subsequently pleaded guilty to simple possession of cocaine.

. Although defendant did not raise this issue either through a motion to quash or a motion in arrest of judgment, it is still reviewable in this appeal. An allegation that a statute is unconstitutional on its face is considered an error discoverable by a mere inspection of the pleadings and proceedings without an inspection of the evidence. La.Code Crim.Proc. art. 920 (West 1969); State v. Hoofkin, 596 So.2d 536 (La.1992).