679 So.2d 1324 (1996)
STATE of Louisiana
v.
Edmond J. SANDIFER.
No. 95-KA-2226.
Supreme Court of Louisiana.
September 5, 1996.
*1327 Richard P. Ieyoub, Attorney General, Harry F. Connick, District Attorney, Allison L. Monahan, Jack Peebles, New Orleans, for Applicant.
Kevin V. Boshea, Douglas W. Freese, Regan, Manasseh & Boshea, New Orleans, for Respondent.
WHIPPLE, Justice.[*]
We granted the State of Louisiana's writ of certiorari to determine whether La.R.S. 14:95(E), as applied to the facts of this case, (1) violates the Double Jeopardy Clause, and (2) is unconstitutionally vague. The trial court quashed the bill of information filed under La.R.S. 14:95(E), finding that the bill of information charging defendant with a violation of La.R.S. 14:95(E) violated the Double Jeopardy Clause and that La.R.S. 14:95(E) is unconstitutionally vague. Because we conclude that no double jeopardy violation exists and that La.R.S. 14:95(E) is constitutional as applied to the facts of this case, we reverse the trial court's ruling quashing the bill of information.

FACTS AND PROCEDURAL HISTORY
On September 25, 1994, law enforcement officers responded to a complaint regarding a "suspicious person" sitting in a white Lincoln Mark VII with dark tinted windows in the 3100 block of Gentilly Boulevard for over an hour. The officers approached the car and saw the defendant sitting alone in the driver's seat, sleeping. The officers noticed a 9 mm semi-automatic pistol on the passenger seat and a .380 caliber automatic pistol on the floor. They also observed three marijuana cigarettes and a small glass bottle containing a white powdery residue later determined to be cocaine on the car's dashboard.[1] The officers seized the weapons and contraband, advised the defendant of his rights, and placed the defendant under arrest.
As a result of the events of September 25, 1994, the defendant was charged with three offenses by three separate bills of information. He was charged with: (1) possession of marijuana, in violation of La.R.S. 40:966(D)(1); (2) possession of cocaine, in violation of La.R.S. 40:967(C)(2); and (3) possession of a firearm while in the possession of a controlled dangerous substance, in violation of La.R.S. 14:95(E). The bill of information charging the violation of La.R.S. 14:95(E) specifically noted that the defendant violated that statute by possessing firearms, "to wit: a COBRA .9mm SEMI AUTOMATIC MACHINE PISTOL and a LORCIN .380 CALIBER SEMI AUTOMATIC PISTOL" on September 25, 1994, "while in possession of a controlled and dangerous substance, to wit: MARIJUANA & COCAINE."
*1328 On February 24, 1995, the defendant appeared in the Criminal District Court of Orleans Parish and entered a plea of guilty to the misdemeanor marijuana possession charge. He received a six-month sentence to parish prison, which was suspended, with one year of inactive probation and a $300 fine. The defendant then filed a motion to quash the bill of information filed under La.R.S. 14:95(E). His arguments to the trial court in support of the motion to quash were that the bill of information in question constituted a double jeopardy violation insofar as he had already pled guilty to an underlying offense and that the bill had been filed under a statute which was unconstitutionally vague.
The statute at issue, La.R.S. 14:95, criminalizes the "[i]llegal carrying of weapons," and at the time of the offense, provided in Section (E) as follows:
E. If the offender uses, possesses, or has under his immediate control any firearm, or other instrumentality customarily used or intended for probable use as a dangerous weapon, while committing or attempting to commit a crime of violence or while in the possession of or during the sale or distribution of a controlled dangerous substance, the offender shall be fined not more than ten thousand dollars and imprisoned at hard labor for not less than five nor more than ten years. Upon a second or subsequent conviction, the offender shall be imprisoned at hard labor for not less than twenty years nor more than thirty years.
La.R.S. 14:95(E) (prior to amendment by Acts 1995, No. 930, § 1).
The trial court, after conducting a hearing on the motion to quash, granted the defendant's motion, quashing the bill of information "on both basis [sic]" and declaring La. R.S. 14:95(E) unconstitutional.[2] The State appealed to the Fourth Circuit Court of Appeal. The appellate court ordered that the case be transferred to this Court because of this Court's exclusive appellate jurisdiction over cases involving laws declared unconstitutional. See La. Const. art. V, § 5(D).

LAW AND ANALYSIS

Double Jeopardy
In its brief, the State first assigns error to the trial court's decision to quash the bill of information under the Double Jeopardy Clause. The State observes that the bill of information filed under La.R.S. 14:95(E) is based, in part, on the defendant's possession of marijuana and concedes that this is an offense for which the defendant has already been convicted and sentenced. However, the State contends that the possession of cocaine offense is sufficient to serve as a basis for the weapons possession charge, and notes that the defendant has not been separately convicted or punished for that charge. Therefore, the State argues, even if it erred in listing both drugs in the bill of information filed under La.R.S. 14:95(E), this technical flaw could have been corrected through an amendment to the bill of information. The State maintains that an amended bill of information, using only the possession of cocaine offense as the underlying basis for the charge, would not pose any potential double jeopardy violation. The State contends that it should have been allowed to amend the bill of information and proceed with its prosecution of the defendant for a violation of La. R.S. 14:95(E) under such an amended bill.[3]
The Double Jeopardy Clause protects defendants from being punished or prosecuted twice for the same offense. U.S. Const. amend. V; La.Const. art. I, § 15; La.C.Cr.P. art. 591. Under La.C.Cr.P. art. 596, double jeopardy exists in a second trial *1329 only when the charge brought is: (1) identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, or (2) based on a part of a continuous offense for which the defendant was in jeopardy in the first trial. The United States Supreme Court applies the "additional fact" test to resolve double jeopardy issues and states are constitutionally required to do the same. Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932); see United States v. Dixon, 509 U.S. 688, 696-97, 113 S.Ct. 2849, 2856, 125 L.Ed.2d 556 (1993); Brown v. Ohio, 432 U.S. 161, 166, 97 S.Ct. 2221, 2225-2226, 53 L.Ed.2d 187 (1977); State v. Knowles, 392 So.2d 651, 654 (La. 1980). The "additional fact" test requires that, when conduct constitutes a violation of two or more distinct statutory provisions, the provisions must be scrutinized to confirm that each demands proof of an additional fact. Knowles, 392 So.2d at 654.
In addition, Louisiana courts utilize the "same evidence" test, which focuses upon the actual physical and testimony evidence necessary to secure a conviction. State v. Steele, 387 So.2d 1175, 1177 (La.1980). This test depends upon the proof required to convict, not the evidence actually introduced at trial. Thus, under the "same evidence" test, the court's concern is with the "evidential focus" of the facts adduced at trial in light of the verdict rendered, i.e., how the evidence presented goes to satisfy the prosecution's burden of proof. State v. Coody, 448 So.2d 100, 102-103 (La.1984). Therefore, if the evidence required to support a finding of guilt of one crime would also support a conviction for another offense, the defendant can be placed in jeopardy for only one of the two. Coody, 448 So.2d at 102-103; Knowles, 392 So.2d at 654.
Consequently, the Double Jeopardy Clause, under both the "additional fact" and the "same evidence" tests, prevents an offender from being convicted of both a felony murder and the underlying felony. State ex rel. Adams v. Butler, 558 So.2d 552, 553 (La.1990). The rationale which supports that rule is the same as that which prevents an offender from being convicted of both the underlying offense for a 14:95(E) violation and the 14:95(E) violation itself. See State v. Woods, 94-2650 (La.App. 4 Cir. 4/20/95), 654 So.2d 809, writ denied, 95-1252 (La. 6/30/95), 657 So.2d 1035; State v. Warner, 94-2649 (La.App. 4 Cir. 3/16/95), 653 So.2d 57, writ denied, 95-0943 (La. 5/19/95), 654 So.2d 1089.
In State v. Warner, the Fourth Circuit Court of Appeal ruled that double jeopardy barred the prosecution for cocaine possession of a defendant who had previously been convicted under La.R.S. 14:95(E) of possession of a firearm while in possession of the same cocaine. The appellate court noted that "[w]hen the gravamen of the second offense is essentially included within the offense for which the defendant was first tried, the second prosecution is barred because of former jeopardy." Warner, 94-2649 at p. 7, 653 So.2d at 61 (citing State v. Buckley, 344 So.2d 980, 982 (La.1977)). In Warner, the court observed that the defendant's prosecution under the cocaine possession charge would require the use of the same evidence presented against him under La.R.S. 14:95(E), and concluded that the prohibition against double jeopardy would be violated. Warner, 94-2649 at p. 8; 653 So.2d at 61.
In State v. Woods, the same appellate court ruled that double jeopardy barred the prosecution of a defendant under La.R.S. 14:95(E) subsequent to his conviction on a charge of cocaine possession, where the cocaine possession was the basis for the violation of La.R.S. 14:95(E). State v. Woods, 94-2650 at p. 5, 654 So.2d at 813.
However, Warner and Woods are factually distinguishable from the instant case. The defendants in Warner and Woods were each charged with violating La.R.S. 14:95(E) by possessing a gun while possessing only one controlled substance (cocaine) and were each charged separately with simple possession of cocaine. When the defendants' cases were considered by the appellate court, each had been convicted of one of his two chargesin defendant Warner's case, the 14:95(E) violation and in defendant Woods' case, the cocaine possession violation. Their successes in raising double jeopardy claims hinged on the fact that their respective charges under La.R.S. 14:95(E) required use of the same *1330 evidence of possession of cocaine which supported their respective possession charges.
In the instant case, the defendant's alleged violation of La.R.S. 14:95(E) as set forth in the bill was based on and would require evidence of his possession of both marijuana and cocaine. Certainly, had he pled guilty to both of the separate possession charges he faced, his case would be in a posture similar to that of defendant Woods. However, the defendant pled guilty only to marijuana possession. Therefore, the evidence of his alleged possession of cocaine, for which he has not yet been convicted, provides a proper basis to support his prosecution under La. R.S. 14:95(E). See City of Baton Rouge v. Ross, 94-0695, p. 18 (La.4/28/95), 654 So.2d 1311, 1322-1323 n. 16. As long as defendant is not separately prosecuted for the possession of cocaine offense, no double jeopardy prohibition exists. The evidence which supported his possession of marijuana conviction consisted of three marijuana cigarettes found in his car. The evidence which arguably would support his conviction under La.R.S. 14:95(E) consists of a small bottle of cocaine residue and two guns found in his car. Therefore, application of both the "additional fact" and the "same evidence" tests demonstrates that no double jeopardy violation exists.
In its present form, the bill of information which charges the defendant with possession of "marijuana and cocaine" does create the appearance of a double jeopardy violation. However, there is nothing in the record before us to justify depriving the State of the opportunity to remedy this technical problem. The trial court was unduly technical in quashing the bill on this ground and abused its discretion by refusing the prosecution an opportunity to amend the bill of information to delete the words "marijuana and" from the bill of information and to proceed thereafter on the charge of possession of a firearm while in possession of cocaine. La.Code Crim.Proc. art. 487 permits an amendment to the bill of information at any time prior to trial. Also, there was no possible double jeopardy bar to the amended charge because the cocaine possession charge had not yet been tried.[4] For these reasons, we find that the trial court's ruling quashing the bill on this basis constituted an abuse of discretion.

Vagueness
The State also assigns error to the trial court's determination that La.R.S. 14:95(E) is unconstitutionally vague. The State claims that the defendant's attack on the statute's validity should have failed because the statute is not impermissibly vague in all of its applications and because defendant's alleged conduct was clearly proscribed by the statute. Moreover, the State contends that the statute should not have been declared unconstitutionally vague on the basis that issues may be raised about whether conduct other than that in which the defendant engaged would fall within the statute's ambit.[5]
*1331 Statutes are presumed valid and their constitutionality should be upheld whenever possible. State v. Griffin, 495 So.2d 1306, 1308 (La.1986). Louisiana criminal statutes must be "given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision." La. R.S. 14:3. However, vague statutes must fall because they violate the due process clauses of the United States Constitution, amend. XIV, and the Louisiana Constitution, art. I, §§ 2 and 13. A penal statute is unconstitutionally vague if it does not give persons of reasonable intelligence adequate notice that certain conduct is proscribed and punishable by law or if it does not provide sufficient standards by which guilt or innocence may be determined. Kolender v. Lawson, 461 U.S. 352, 357-358, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983); Palmer v. City of Euclid, 402 U.S. 544, 545, 91 S.Ct. 1563, 1564, 29 L.Ed.2d 98 (1971); State v. Azar, 539 So.2d 1222, 1224 (La.), cert. denied, 493 U.S. 823, 110 S.Ct. 82, 107 L.Ed.2d 48 (1989); State v. Pierre, 500 So.2d 382, 384 (La.1987).
It was alleged in the bill of information that the defendant violated the statute's language pertaining to "the offender [who] ... possesses ... any firearm ... while in the possession of ... a controlled dangerous substance."[6] Although La.R.S. 14:95(E) contains no definitions of its terms, the words used in the statute may be easily understood when "taken in their usual sense." La. R.S. 14:3. This Court has specifically held that the word "possess" need not be defined statutorily because it has a "well known and commonly understood meaning." State v. Richard, 245 La. 465, 158 So.2d 828, 831 (1963). This Court has also looked at the word "possess" on previous occasions, both as it appears in statutes pertaining to the possession of drugs and in those pertaining to the possession of guns, and has determined that the term is broad enough to encompass both "actual" and "constructive" possession. See State v. Mose, 412 So.2d 584, 586 (La.1982) ("constructive" possession of guns found in bedroom gun rack satisfies "possession" element of La.R.S. 14:95.1); State v. Bell, 566 So.2d 959, 959-960 (La. 1990) ("constructive" possession of drugs by defendant seated in car with drugs on the console satisfies "possession" element of La. R.S. 40:967).
While the statute at issue may raise other constitutional concerns, a plain reading of the statute would not lead a person of ordinary intelligence to reasonable confusion about whether or not the defendant's alleged conduct was proscribed, i.e., sitting in his car, with two firearms under his immediate control and a controlled dangerous substance located next to him. Because the statute's prohibitions are easily understandable and because the defendant's conduct, if proven, is within the prohibition set forth in the statute, he failed to establish the statute's unconstitutional vagueness. See State v. Brown, 94-1290, pp. 5-6 (La. 1/17/95), 648 So.2d 872, 875-76.
Questions of vagueness are generally available only to those whom they concern. City of Baton Rouge v. Norman, 290 So.2d 865, 868 (La.1974). For this reason, a defendant may not establish that a statute is unconstitutionally vague by speculating about hypothetical conduct which could also be prosecuted under the same statute. Norman, *1332 290 So.2d at 869. Because the defendant did not establish that the statute was vague as it pertained to his conduct, the trial court erred in finding that the statute was unconstitutionally vague.

Overbreadth
Defense counsel argued to the trial court that the statute is unconstitutional because a person in possession of "a single Marijuana cigarette" could be convicted under this felony statute if he also had "a hunting rifle locked in a gun closet" or a "handgun in a case in the attic." He observed that the right of a "casual smoker of... Marijuana" to own a firearm would be unreasonably abridged because exercise of the right to bear arms would expose this individual to a felony conviction and a mandatory sentence of five to ten years at hard labor.[7] He argued that this type of prosecution, i.e., felony prosecution of a misdemeanor drug offender with constructive possession of a firearm, is possible under the statute, which defendant asserts is contrary to the legislature's intent and beyond the constitutionally supportable scope of the statute.[8]
Although defendant's argument below spoke primarily in terms of vagueness, it is clear that defendant challenges La.R.S. 14:95(E) as unconstitutionally overbroad because it infringes upon an individual's right to bear arms, guaranteed by art. I, § 11 of the Louisiana Constitution.[9] Moreover, the record reflects that the trial court's declaration that La.R.S. 14:95(E) was unconstitutional was based on this argument and the hypothetical scenario posed by defendant.
"Embedded in the traditional rules governing constitutional adjudication is the principle that a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the Court." Broadrick v. Oklahoma, 413 U.S. 601, 610, 93 S.Ct. 2908, 2915, 37 L.Ed.2d 830, 839 (1973).
A limited exception to this principle of constitutional adjudication has been carved out in the area of First Amendment concerns. Broadrick, 413 U.S. at 611, 93 S.Ct. at 2915. Even though a statute may be constitutionally applied to the activities of a particular defendant, that defendant may challenge it on the basis of overbreadth if it is so drawn as to sweep within its ambit protected speech or expression of other persons not before the court. State v. Franzone, 384 So.2d 409, 412 (La.1980). "Litigants, therefore, are permitted to challenge a statute not because their own rights of free expression are violated, but because of a judicial prediction or assumption that the statute's very existence may cause others not before the court to refrain from constitutionally protected speech or expression." Broadrick, 413 U.S. at 612, 93 S.Ct. at 2916. The doctrine of overbreadth is a creature unique to the First Amendment, in particular free speech. State v. Schirmer, 93-2631, pp. 17-18 (La. 11/30/94), 646 So.2d 890, 900-901. Thus, overbreadth invalidation of statutes is generally inappropriate when the allegedly impermissible applications of the challenged statute affect conduct rather than speech, State v. Neal, 500 So.2d 374, 377 (La.1987), and especially where the conduct at issue is harmful and controlled by criminal laws. State v. Brown, 94-1290, pp. 10-11 (La. 1/17/95), 648 So.2d 872, 878.
Defendant herein has not challenged La. R.S. 14:95(E) on the basis that it impermissibly infringes upon First Amendment protected speech or expressive conduct of others, nor on the basis that the statute can not be *1333 constitutionally applied to his alleged conduct. Rather, he challenges the statute based on a hypothetical situation wherein he argues the statute may impermissibly infringe upon another's right to bear arms. The argument that the statute might conceivably infringe upon the misdemeanor drug offender's right to bear arms in a fact situation not before this court cannot avail this defendant. See State v. Greco, 583 So.2d 825, 829 (La.1991). Thus, the trial court erred in concluding that La.R.S. 14:95(E) was unconstitutionally overbroad on the basis of defendant's hypothetical scenario.

Equal Protection
In his argument to the trial court, defendant also noted that an individual who is guilty of a misdemeanor drug offense (e.g., marijuana possession) could be convicted of a felony under La.R.S. 14:95(E) and subjected to the statute's harsh penalties for simply possessing a firearm, which could be located in a gun closet or attic of the individual's home, with no showing required of connexity between the weapons possession and the misdemeanor drug offense. Thus, defendant averred that La.R.S. 14:95(E) discriminates against "that class of person," i.e., the misdemeanor drug offender who exercises his constitutional right to own a weapon, by depriving the offender of the right to bear arms without requiring a rational relationship between the provision's broad scope and its legislative purpose of preventing drug-related crimes of violence.
The State of Louisiana is entitled to regulate citizens' right to bear arms for legitimate state purposes, such as public health and safety. State v. Hamlin, 497 So.2d 1369, 1371 (La.1986); State v. Amos, 343 So.2d 166, 168 (La.1977). However, the constitutions of the United States, amend. XIV, and of Louisiana, art. I, § 3, state that no person shall be denied the equal protection of the laws. Equal protection requires that there be a rational basis for laws which discriminate between similarly situated groups of persons who are not members of a "suspect class." Marshall v. United States, 414 U.S. 417, 422, 94 S.Ct. 700, 704, 38 L.Ed.2d 618 (1974); State v. Brown 94-1290, p. 6 (La. 1/17/95), 648 So.2d 872, 876. A rational basis is a rational relationship between a legitimate state interest and the provision enacted. Marshall, 414 U.S. at 422, 94 S.Ct. at 704.
However, for the same reasons that defendant's overbreadth argument can not support the trial court's ruling that La. R.S. 14:95(E) is unconstitutional, defendant's equal protection argument also fails to support the trial court's ruling. In order to have standing to raise an equal protection argument, there must be an "injury in fact" to defendant, not the remote threat of injury to him or injury to another class of which he is not a member. State in the Interest of A.C., 93-1125, p. 24 (La. 1/27/94), 643 So.2d 719, 735, on rehearing, 93-1125 (La. 10/17/94), 643 So.2d 743, cert. denied, ___ U.S. ___, 115 S.Ct. 2291, 132 L.Ed.2d 292 (1995), see also State v. Ganier, 94-2582, p. 5 (La.App. 4th Cir. 8/23/95), 660 So.2d 928, 932, writ denied, 95-2333 (La. 1/26/96), 666 So.2d 657. Because defendant is not being prosecuted for constructively possessing a gun located in a gun closet or the attic of his home while also committing a misdemeanor drug possession offense such as possession of marijuana, he had no standing to raise this equal protection claim and it was not properly before the trial court. State in the Interest of A.C., 93-1125 at p. 24, 643 So.2d at 735. Moreover, as applied to defendant's alleged conduct, possession of cocaine while having two firearms under his immediate control, the statute is within the State's legitimate interest of preventing drug-related crimes of violence and the State's legitimate authority to regulate an individual's right to bear arms to further this legitimate government interest. Thus, the trial court erred in declaring La.R.S. 14:95(E) unconstitutional and in quashing the bill of information on this basis.

DECREE
For the reasons assigned, the judgment of the trial court, quashing the bill of information and declaring La.R.S. 14:95(E) unconstitutional, is reversed. The case is remanded *1334 to trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
JOHNSON, J., dissents and assigns reasons.
JOHNSON, Justice, dissenting.
The words and phrases used in an indictment or bill of particulars are to be construed according to their usual meaning. La. C.Cr.P. art. 478. Clear language and the plain reading of an indictment or bill of particulars are necessary to insure that a defendant has proper notice of the charges against him. Any ambiguous, obscure, unusual or complex interpretation or reading of an indictment tends to lead to a violation of the defendant's right to due process.
Because the usual meaning of joining any two terms or elements with "and" means a combination of both terms, the bill of information as written charges defendant with possession of both marijuana and cocaine not one or the other. Any contrary reading or interpretation of this bill of information is a violation of La.C.Cr.P. art. 478. The State should have used the disjunctive term "or" if it intended to have the option of either the marijuana or the cocaine possession charge to proceed under La.R.S. 14:95(E). Under these circumstances, use of "and" in lieu of "or" amounted to a defect of substance. The State refers to its defective drafting of the bill of information as a "technical flaw." In criminal proceedings, there is no room for such "technical flaws" at the expense of the defendant's right to due process.
The Louisiana double jeopardy provision states two requirements for the existence of double jeopardy, and provides:
"Double jeopardy exists in a second trial only when the charge in that trial is:
(1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or
(2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial." La.C.Cr.P. art. 596.
In the present case, prosecution of this defendant under R.S. 14:95(E) is violative of both requirements of double jeopardy under La.C.Cr.P. art. 596. The bill of particulars alleging the La.R.S. 14:95(E) violation conjunctively charges Mr. Sandifer with possession of "marijuana and cocaine." Mr. Sandifer pled guilty to the underlying charge of possession of marijuana. Consequently, a second trial pursuant to La.R.S. 14:95(E), which is inclusive of the underlying marijuana charge, is identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial. La.C.Cr.P. art 596. Thus, the facts in this case satisfy the first requirement for double jeopardy under La.C.Cr.P. art. 596. Moreover, prosecution of Mr. Sandifer under La. R.S., 14:95(E) should be barred for failure of the "same evidence" test. The "same evidence" used to convict Mr. Sandifer of the marijuana charge under La.R.S. 40:966(D)(1) is included in the bill of information alleging the La.R.S. 14:95(E) violation. Thus, the gravamen of the second offense is essentially included within the offense for which first tried. See State v. Buckley, 344 So.2d 980 (La.1977).
Prosecution of Mr. Sandifer under La. R.S. 14:95(E) is also violative of the second requirement of double jeopardy under La. C.Cr.P. art. 596. At the time the police approached him while he was sleeping in his automobile, the police allegedly observed the marijuana and cocaine on the car's dashboard, both of which are the subjects of the La.R.S. 14:95(E) violation. Therefore, a second trial under La.R.S. 14:95(E) is based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial. Additionally, La.C.Cr.P. Art. 493 provides:
"Two or more offenses may be charged in the same indictment or information in a separate count for each offense (emphasis added) if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or *1335 constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial."
The State failed to provide a separate count for marijuana and cocaine in its La.R.S. 14:95(E) bill of particular.
For the foregoing reasons, I respectfully dissent.
NOTES
[*] Chief Justice Calogero recused. Judge Vanessa Guidry-Whipple, Court of Appeal, First Circuit, sitting Ad Hoc.
[1] A green ski mask was also discovered in the defendant's car.
[2] The record reveals that the defendant's possession of cocaine charge is still pending. The Docket Master sheet specifically notes that, although the trial judge quashed a separate bill of information containing another charge against this defendant, the trial judge did not quash the bill of information which charges him with possession of cocaine. According to the most recent notation, this case remains open.
[3] In his brief, the defendant contends that the State's failure to amend the bill of information should bar this Court's consideration of the State's argument that prosecution under an amended bill would not violate double jeopardy. However, the defendant fails to cite any authority for this position, nor does he cite any authority in support of his argument that the State should not be allowed to amend the bill of information.
[4] However, we also recognize that if the defendant is convicted on the La.R.S. 14:95(E) charge, the pending cocaine possession charge, if pursued, could pose a double jeopardy problem. See State v. Warner, 94-2649 at p. 9, 653 So.2d at 62.
[5] At the motion hearing, defendant raised the issue of whether the statute is unconstitutional because it would impose unreasonably harsh penalties on a lawfully registered gun owner exercising lawful possession of a firearm who keeps a small amount of marijuana at his home for "casual use." The defendant's argument on this issue was as follows:

And, Judge, you know, it's not even necessary to have an individual violating the law with respect to the possession or ownership of a firearm. You know, you can have a hunting rifle locked in a gun closet. You can have a handgun in a case in the attic of your residence. If you're in possession of a single Marijuana cigarette, you're subject to prosecution of this felony offense. And, you know, were this statute crafted differently, more narrowly, and talk about the illegal carrying of a weapon you know, in conjunction with possession of a narcotic, I don't think you would have this problem. But, it is set in such broad terms, you know, that on anyand, I'm not speaking to condone drug use in any fashion, but, you know, I think [that the] casual smoker of a Marijuana cigarette who also has happened to exercise his Second Amendment right to own a firearm, you know, can many times be subject to a ten (10) year felony with a five (5) year minimum sentence. And, I don't think thatI think that, you know, 1; That is actually contrary to what the Legislature's intent actually was and 2; It puts prosecutors in a dangerous position of being able to charge someone under those circumstances. And, are you going to charge, you know, that class of person (or) just the class of person who is out on the street, selling drugs armed with a firearm, prepared to use it depending on the circumstances, and I do think it's too broad. (Emphasis added).
[6] At the time of the offense, La.R.S. 14:95(E) provided as follows:

E. If the offender uses, possesses, or has under his immediate control any firearm, or other instrumentality customarily used or intended for probable use as a dangerous weapon, while committing or attempting to commit a crime of violence or while in the possession of or during the sale or distribution of a controlled dangerous substance, the offender shall be fined not more than ten thousand dollars and imprisoned at hard labor for not less than five nor more than ten years. Upon a second or subsequent conviction, the offender shall be imprisoned at hard labor for not less than twenty years nor more than thirty years.
La.R.S. 14:95(E) (prior to amendment by Acts 1995, No. 930, § 1).
[7] The penalties for violations of La.R.S. 14:95(E), at the time of the alleged offense in question, were as follows: (1) for a first violation, "the offender shall be fined not more than ten thousand dollars and imprisoned at hard labor for not less than five nor more than ten years," and (2) for a second or subsequent violation, "the offender shall be imprisoned at hard labor for not less than twenty years nor more than thirty years."
[8] His claim was that the legislature enacted the provision to prevent drug-related crimes of violence.
[9] Article I, § 11 of the Louisiana Constitution states, in pertinent part: "The right of each citizen to keep and bear arms shall not be abridged."