**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 99-40436
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT LEE MOORE,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
(1:98-CR-133-2)

December 28, 1999

Before POLITZ, WIENER, and DENNIS, Circuit Judges.

POLITZ, Circuit Judge:[*]

Robert Lee Moore pleaded guilty to possession of cocaine with intent to distribute and was sentenced to 120 months in prison and five years of supervised release. Moore timely objected to the PSR's use of a prior state court marihuana conviction in determining his criminal history category. He also objected to a two-level increase in his offense level based on his role as a leader or organizer. Both objections were rejected. Moore seeks review of these sentencing issues. For the

---

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

reasons assigned, we affirm.

## ANALYSIS

Moore first contends that his marihuana conviction violated double jeopardy protections and thus was constitutionally invalid under both the federal and Louisiana constitutions. Under the Sentencing Guidelines, sentences ruled constitutionally invalid are not to be counted in determining prior criminal history.[1] The Guidelines do not authorize a collateral attack on a prior conviction or sentence beyond that otherwise recognized in law.[2] Nonetheless, we have held that a district court has the discretion to entertain a collateral challenge of a prior conviction used for enhancement purposes.[3] We review for abuse of discretion, and the defendant bears the burden of proving that the prior conviction was constitutionally invalid.[4]

The marihuana conviction of which Moore complains followed a jury acquittal in the same court for possession of cocaine with intent to distribute. When the same act or transaction constitutes a violation of two distinct statutory

---

[1]U.S.S.G. § 4A1.2, application note 6.

[2]**Id.**

[3]**United States v. Canales**, 960 F.2d 1311 (5th Cir. 1992). The government contends that the holding in **Canales** should not be applied to the case at bar, as **Canales** was decided prior to the effective date of an amendment to application note six. Whether the subsequent amendment to application note six renders **Canales** inapplicable has not been considered by this court. We decline to address the issue at this time because, even if the holding in **Canales** is still in effect, we conclude that the trial court did not err when it determined that the prior conviction was not unconstitutional.

[4]**United States v. Shannon**, 21 F.3d 77 (5th Cir.), *cert. denied* 513 U.S. 901 (1994); **United States v. Howard**, 991 F.2d 195 (5th Cir.), *cert. denied*, 510 U.S. 949 (1993).

provisions, we look to see whether each provision requires proof of an additional fact that the other does not. We thus may determine whether there are two offenses or one.[5] Possession of marihuana is separate and distinct from possession of cocaine with intent to distribute. Each crime requires proof of a fact which the other does not – the controlled substance involved. Thus, there is no double jeopardy violation under the federal Constitution.[6] Because the evidence required to support a finding of guilt for possession of cocaine with intent to distribute would not support a conviction for marihuana, we also conclude that there is no double jeopardy violation under the Louisiana Constitution, which requires a state court to apply the "same evidence" test.[7]

Moore also challenges the district court's two-level increase for his role as a leader or organizer of the distribution scheme under Guideline § 3B1.1(c), maintaining that there is no evidence that he had control over the other co-defendants. We review this finding for clear error.[8] The district court found that Moore provided the cash to buy the cocaine and rented the vehicle used to transport

---

[5]**Blockburger v. United States**, 284 U.S. 299 (1932).

[6]The district court mistakenly concluded that there is no constitutional bar to the conviction of a lesser included offense and, thus, rejected Moore's sentencing objection. The fifth amendment, however, prohibits successive prosecution for a greater and lesser included offense. **See Brown v. Ohio**, 432 U.S. 161 (1977). The lower court's misstatement of the law is not fatal because it incorrectly characterized the second conviction as a lesser included offense. Moore's objection appropriately was overruled.

[7]**State v. Sandifer**, 679 So.2d 1324 (La. 1996). "[I]f the evidence required to support a finding of guilt in one crime would also support a conviction for another offense, then the defendant can be placed in jeopardy for only one of the two." **Id.** at 1329.

[8]**United States v. Izydore**, 167 F.3d 213 (5th Cir. 1999).

it. Further, the court inferred that Moore was to claim a larger portion of the proceeds from the sale than another co-defendant. The court did not find that Moore exerted control over either of his co-defendants. We believe that such a finding, however, is not necessary to impose the two-level increase, as we have held that a defendant need not exercise control over the other participants in the scheme to be considered a leader or organizer.[9] We believe that the trial court's findings support the conclusion that Moore exercised organizational control over the venture. The district court did not clearly err when it applied the two-level increase.

The judgment appealed is AFFIRMED.

---

[9]**United States v. Ressig**, 186 F.3d 617 (5th Cir. 1999) (holding that defendant did not exercise control over anyone, yet his activity fit into the role of leader or organizer in light of the factors set forth in U.S.S.G. § 3B1.1, application note 4), *petition for cert. filed* (Nov. 18, 1999) (No. 99-7103). Application note 4 provides that the court should consider the following factors:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.