ROBERT A. CHAISSON, Judge.
lain this appeal, defendant, Cory Brown, seeks review of the trial court’s denial of his motion to quash the bill of information, which challenged the constitutionality of LSA-R.S. 14:95.1. For the reasons that follow, we find no error in the trial court’s denial of defendant’s motion to quash, and accordingly, we affirm defendant’s conviction and sentence.

PROCEDURAL HISTORY

On January 17, 2013, the Jefferson Parish District Attorney filed a bill of information charging defendant with possession of a firearm by a convicted felon, in violation of LSA-R.S. 14:95.1. At the arraignment on the following day, defendant pled not guilty. On May 1, 2013, defendant filed a motion to quash the bill of information, in which he challenged the constitutionality of LSA-R.S. 14:95.1 in light of the 2012 amendment to LSA-Const. art. I, § 11. Following a hearing on February 18, 2014, the trial court denied defendant’s motion to quash.
On February 24, 2014, defendant withdrew his not guilty plea and pled guilty as charged pursuant to State v. Crosby, 338 So.2d 584 (La.1976), reserving Ishis right to appeal the trial court’s denial of his motion to quash. Thereafter, the trial court sentenced defendant, in accordance with the plea agreement, to ten years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. Defendant now appeals.
In his sole assignment of error, defendant contends that the trial court erred in denying his motion to quash. Defendant contends that LSA-R.S. 14:95.1, which makes it unlawful for any person convicted of certain felonies to possess a firearm or carry a concealed weapon, is unconstitutional. To support this argument, he points to the 2012 amendment to Article I, § 11 of the Louisiana Constitution which rendered the right to bear arms a fundamental right, subject to strict scrutiny if abridged. He asserts that LSA-R.S. 14:95.1 cannot withstand the test of strict scrutiny because there is no evidence that the statute serves a compelling governmental interest and that it is narrowly tailored to meet such an interest, if one exists. Defendant concludes that LSA-R.S. 14:95.1 is over-inclusive, in that it applies without discretion to a broad range of non-violent felony offenders. Specifically, defendant contends that LSA-R.S. 14:95.1 is unconstitutional as applied to his individual circumstances since his previous *53 conviction was for simple robbery, a crime which he argues does not reveal a propensity for violence.
The right to bear arms is established by the Second Amendment to the United States Constitution and Article I, § 11 of the Louisiana Constitution. The State of Louisiana is entitled to regulate that right for legitimate state purposes, such as public health and safety. State v. Sandifer, 95-2226 (La.9/5/96), 679 So.2d 1324, 1333; State v. Williams, 98-1006 (La.App. 5 Cir. 3/30/99), 735 So.2d 62, 70, writ denied, 99-1077 (La.9/24/99), 747 So.2d 1118.
Article I, § 11 of the Louisiana Constitution formerly provided: “The right of each citizen to keep and bear arms shall not be abridged, but this provision shall 14not prevent the passage of laws to prohibit the carrying of weapons concealed on the person.” This constitutional provision was amended in 2012 and now provides: “The right of each citizen to keep and bear arms is fundamental and shall not be infringed. Any restriction on this right shall be subject to strict scrutiny.”
Under strict scrutiny the government bears the burden of proving the constitutionality of the regulation by showing: (1) that the regulation serves a compelling governmental interest, and (2) that the regulation is narrowly tailored to serve that compelling interest. State v. Draughter, 13-0914 (La.12/10/13), 130 So.3d 855, 862. Strict scrutiny requires a careful examination by our courts, keeping in mind that the fundamental right at issue is one where some degree of regulation is likely to be necessary to protect the public safety. State in the Interest of J.M., 13-1717 (La.1/28/14), 144 So.3d 853.
Subsequent to the 2012 amendment, the Louisiana Supreme Court, in State v. Draughter, supra, addressed the constitutionality of LSA-R.S. 14:95.1. In that case, the court rejected the constitutionality challenge to LSA-R.S. 14:95.1. in the limited circumstances presented therein, i.e„ the defendant’s status as a person who had been released from the physical custody of the State, but was still subject to State supervision while on active probation for his prior conviction. The court held that the State has a compelling interest in regulating convicted felons still under the State’s supervision, and.LSA-R.S, 14:95.1 is narrowly tailored to achieve that interest. The court concluded that LSA-R.S. 14:95.1 survives strict scrutiny and is not an unconstitutional infringement of the defendant’s right to bear arms, pursuant to LSA-Const. art. I, § 11. As noted in State v. Draughter, 130 So.3d at 867, this conclusion was easily reached in light of the fact that defendant was still under State supervision and was serving the probation portion of his criminal sentence, which necessarily involved an intrusion into the defendant’s life by State actors | ¡¡administering the supervision required by his status. The court further explained that the possession of a firearm is inconsistent with a person’s probation or parole status and would subject the individuals tasked with supervising probationers and parolees to an untenable safety risk. In its opinion, the court specifically noted that the larger question of “whether the state may dispossess certain convicted felons of their right to bear arms for a number of years, even after they have paid-their debt to society and fully discharged their sentences” was not before the court. State v. Draughter, 130 So.3d at 866.
After Draughter, the Louisiana Supreme Court again examined the 2012 amendment to LSA-Const. art. I, § 11 in State in the Interest of J.M, supra, where the juvenile was charged with violating LSA-R.S 14:95(A), making illegal the carrying of an intentionally concealed ■ firearm on *54 one’s peí-son, and LSA-R.S. 14:95.8, making unlawful the possession of a handgun-by a juvenile, except in certain enumerated •circumstances; and in State v. Webb, 13-1681 (La.5/7/14), 144 So.3d 971, where the defendant was charged with violating LSA-R.S. 14:95(E), making unlawful the possession of a firearm while in the possession of or during the sale or distribution of a controlled dangerous substance. In both cases,- the court upheld the challenged statutes, concluding that the statutes were enacted pursuant to compelling governmental interests and that each was narrowly tailored to achieve legitimate governmental purposes.
Most recently, in State v. Eberhardt, 13-2306, (La.7/1/14), 145 So.3d 377, consolidated with State v. Taylor, the Louisiana Supreme Court answered the broader question of whether our law proscribing the possession of firearms by convicted felons is affected. by the amendment to LSA-Const. art. I, § 11. Despite the fact that the defendants in the consolidated cases had completed all aspects of their prior sentences and were no longer under State, supervision when they. were Rarrested on , subsequent offens.es, the Louisiana Supreme Court upheld the constitutionality of LSA-R.S. 14:95.1. Ultimately, the court found that LSA-R.S. 14:95.1 is not affected by the 2012 constitutional amendment and withstands a strict scrutiny analysis. , The court noted, “Such laws are- effective, time-tested, and easily understandable,.and do not violate the constitution. Common sense and the public safety allow no other result.” State v. Eberhardt, 13-2306, 145 So.3d at 379.
. The Louisiana Supreme Court found it reasonable for the- legislature in the' interest of public welfare and safety to-regulate the possession of firearms,- for a limited period of time, by citizens who have committed certain -specified serious felonies. In concluding that LSA-R.S. 14:95.1 serves a compelling governmental interest and that the law is narrowly tailored in its application, the court stated as follows:
We conclude that LSA-R.S. 14:95.1 serves a compelling governmental interest that has long been jurisprudentially recognized and is grounded in the legislature’s intent to protect the safety of the general public from felons convicted of specified serious crimes, who have demonstrated a dangerous disregard for the law and the safety of others and who present a potential threat of further or future criminal activity. See State v. Amos, 343 So.2d [166,] 168 [(1977)]. Further, the law is narrowly tailored in its application to the possession of firearms or the carrying of concealed weapons for a period of only ten years from the date of completion of sentence, probation, parole, or suspension of sentence, and to only those convicted of the enumerated felonies determined by the legislature to be offenses having the actual or potential danger of harm to other members of the general public. Under these circumstances, we find ‘a long history, a substantial consensus, and simple common sense’ to. be sufficient evidence for even a strict scrutiny review. State in the Interest of J.M., 144 So.3d at 861 (quoting Burson v. Freeman, 504 U.S. 191, 211, 112 S.Ct. 1846, 1858, 119 L.Ed.2d 5 (1992)).
State v. Eberhardt, 13-2306, 145 So.3d at 385.
'The court further rejected the defendants’ argument that LSA-R.S. 14:95.1 is unconstitutional as applied to their individual circumstances. The court reasoned 17that each of the three defendants reof-fended within a short period of time following completion of their previously imposed State supervision, illustrating the very principle underlying LSA-R.S. 14:95.1, *55 that certain convicted felons have: “demonstrated a dangerous, disregard for the law and present .a potential threat of further or future criminal activity and are more likely than nonfelons to engage in illegal and violent gun use.” Id. at 386.
Pursuant to the Louisiana Supreme Court’s recent pronouncement in State v. Eberhardt, supra, we find no merit to ’defendant’s argument that LSA-R.S. 14:95.1 is unconstitutional in light of the' 2012 amendment to LSA-Cónst. art. I-, § 11. The Louisiana Supreme Court made clear that LSAR.S. 14:95.1 serves a compelling governmental interest and that the law is narrowly tailored in its application. We further reject defendant’s argument that LSA-R.S. 14:95.1 is unconstitutional as applied to him, as the record indicates that he reoffended within a short period of time following completion' of his prior sentence for simple robbery, a crime of violence. Accordingly, we affirm the trial court’s denial of defendant’s motion to quash, which challenged the constitutionality of LSA-R.S. 14:95.1. •

ERROR PATENT REVIEW

We have also reviewed the record for errors patent, according to LSAC.Cr.R. art. 920; State v. Oliveaux, 312 So.2d. 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals no errors that require corrective action.
Based on the foregoing, we find no error in the trial court’s denial of defendant’s motion to quash and accordingly affirm defendant’s conviction and sentence.

AFFIRMED