STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-959


STATE OF LOUISIANA

VERSUS

TERRY L. COOLEY


**********

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. CR-316-2008
HONORABLE H. WARD FONTENOT, DISTRICT JUDGE

**********

**ULYSSES GENE THIBODEAUX
CHIEF JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, James T. Genovese, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

**Glen D. Vamvoras**
**Vamvoras  Schwartzber & Hinch**
**1111 Ryan Street**
**Lake Charles, LA 70601**
**Telephone:  (337) 494-5682**
**COUNSEL FOR:**
        **Defendant/Appellant - Terry L. Cooley**

**David W. Burton**
**District Attorney – 36th Judicial District Court**
**Richard Allen Martin**
**First Assistant District Attorney – 36th Judicial District Court**
**P. O. Box 99**
**DeRidder, LA 70634**
**Telephone:  (337) 463-5578**
**COUNSEL FOR:**
        **Plaintiff/Appellee - State of Louisiana**

**THIBODEAUX, Chief Judge.**

Defendant, Terry L. Cooley, was convicted of three counts of aggravated incest, in violation of La.R.S. 14:78.1, one count of sexual battery, in violation of La.R.S. 14:43.1, and one count of molestation of a juvenile, in violation of La.R.S. 14:81.2. The court sentenced Cooley to five years at hard labor for each aggravated incest conviction, to run concurrently. The court sentenced Cooley to two years at hard labor for the sexual battery and to seven years at hard labor for the molestation, to run concurrently with each other but consecutively to the aggravated incest penalties. He appeals. For the following reasons, we affirm.

## I.

## ISSUES

We shall consider whether:

(1)     Cooley's constitutional right to a full voir dire was violated where one of the jurors denied having a relative who had been a victim of sexual abuse, where the juror's brother *allegedly* molested his niece and his daughter, and where the brother was executed for aggravated rape, kidnapping, and capital murder;

(2)     Cooley's rights were violated when a recused judge excused potential jurors from voir dire outside the defense's presence when the matter had not been called for trial yet;

(3)     Cooley's right to a fair trial was violated because of the alleged prejudice resulting from joinder of sexual battery, molestation, and aggravated incest charges;

(4)     Cooley was subjected to double jeopardy because molestation of a juvenile and sexual battery were billed as separate offenses;

(5)     the trial court erred by not allowing special jury instructions defining "lewd and lascivious," "force," and "use of force;" and,

(6)     the trial court erred by allowing improper opinion testimony of a non-expert witness.

## II.

## FACTS

Cooley was convicted of one count of aggravated incest for lewdly fondling his juvenile stepdaughter M.L..[1] Cooley was convicted of a second count of aggravated incest for exposing his genitals and lewdly fondling his minor stepdaughter S.L.. Cooley was convicted of a third count of aggravated incest for lewdly fondling his juvenile stepdaughter K.L.. Cooley was convicted of sexual battery for touching the genitals of the adolescent S.P. without her consent. Finally, Cooley was convicted of molestation of a juvenile for exposing S.P.'s breast as well as for rubbing and blowing on her stomach.

## III.

## LAW AND DISCUSSION

## (1) Voir Dire

The record shows that the voir dire questionnaire asked whether a juror, the juror's family member, or the juror's close acquaintance had been a victim of sexual abuse. Juror Francis Powell answered "no" to this query. Cooley alleges that, following the verdict, defense counsel learned that law enforcement had investigated complaints that Juror Powell's brother, Rexford Powell, had sexually assaulted a niece and his biological daughter.

These allegations arose during the investigation of other sex crimes for which Juror Powell's brother was prosecuted: a 1985 Louisiana case and a 1991 Texas case. Rexford Powell was acquitted of the charges alleged in the first case, but he was convicted of aggravated rape, kidnapping, and capital murder at the conclusion of the 1991 trial. The State of Texas executed Rexford Powell in 2002.

---

[1]Initials are being used in this case to protect the identity of the victims in accordance with La.R.S. 46:1844(W).

2

Cooley complained that he had been denied his constitutional right to a full voir dire examination of prospective jurors and to challenge jurors peremptorily. Cooley asserted that Juror Powell's incorrect answer denied him his right to full disclosure of any matter that could affect a potential juror's attitude.

During a hearing on Cooley's motion for a new trial, Robert McCullough, the officer who originally investigated the initial complaints against Rexford Powell, revealed that the niece who had indicated Rexford Powell might have been the masked person who sexually assaulted her was not related to Juror Powell. She was the niece of Rexford Powell's wife by blood relation.

During investigation of the Texas case, law enforcement learned that Rexford Powell's daughter had made allegations to an unknown source that Rexford Powell had molested her. The Beauregard Parish law enforcement did not investigate the daughter's complaints, and they did not arrest Rexford Powell in connection with those allegations.

If a false statement of a juror on voir dire is discovered during trial, the defendant may move for a mistrial, and the motion may be granted if the defendant was prevented from receiving a fair trial. La.Code Crim.P. art. 775. In a post-trial context, the matter can be raised in a motion for new trial.

> The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
>
> The court, on motion of the defendant, shall grant a new trial whenever:
>
> (1) The verdict is contrary to the law and the evidence;
>
> (2) The court's ruling on a written motion, or an objection made during the proceedings, shows prejudicial error;

3

(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty;

(4) The defendant has discovered, since the verdict or judgment of guilty, a prejudicial error or defect in the proceedings that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before the verdict or judgment; or

(5) The court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right.

La.Code Crim.P. art. 851.

"The motion for new trial is based upon the supposition, and requires a showing, that injustice has been done the defendant. La.C.Cr.P. art. 851. Regarding the misstatements of jurors, the defendant must show that he was prejudiced by the misstatement for a new trial to be warranted." *State v. Johnson*, 32,910, p. 5 (La.App. 2 Cir. 1/26/00), 750 So.2d 398, 403-04, *writ denied,* 00-911 (La. 11/3/00), 773 So.2d 140.

First, as argued by the State, Cooley was not prevented from having a full and adequate voir dire as he has failed to show that either the State or the trial court placed unreasonable limitations on the voir dire examination by the defense:

As a general matter, an accused in a criminal case is constitutionally entitled to a full and complete voir dire examination. La. Const. Art. I, § 17. The purpose of voir dire is to determine the qualifications of prospective jurors by testing their competency and impartiality and to assist counsel in articulating intelligent reasons for exercise of cause and peremptory challenges. The scope of voir dire is within the sound discretion of the trial judge and his rulings will not be disturbed on appeal absent a clear showing of an abuse of discretion.

*State v. Ball*, 00-2277, p. 23 (La. 1/25/02), 824 So.2d 1089, 1110, *cert. denied*, 537 U.S. 864, 123 S.Ct. 260 (2002) (citation omitted).

4

Second, Cooley failed to establish that Juror Powell actually lied in response to the inquiry on the jury questionnaire. The testimony of Robert McCullough was the only evidence either proffered or offered to prove the truth of the matter asserted. The niece whose complaints were investigated during the first case, the charges of which Rexford Powell was acquitted, was not the niece of Juror Powell because the niece was only related to Rexford Powell through his wife.

Further, Mr. McCullough was not involved in the second investigation; he learned only that Rexford Powell's daughter had alleged to an unknown source that her father had molested her. Thus, it appears as if Mr. McCullough had only heard rumors that such sexual misconduct had occurred. As Rexford Powell was never investigated for, arrested for, charged with, or prosecuted for sexual misconduct with his daughter, the rumors were never proven or substantiated. Thus, Cooley failed to establish that Juror Powell intentionally misled the court when he answered "no" to the question asking if he, any family member, or close acquaintance had been the victim of a sex crime.

Finally, assuming, arguendo, that Juror Powell was aware of the rumor concerning his brother and his brother's daughter, Cooley failed to show that he was prejudiced by or suffered injustice as a result of the misinformation. Cooley did not show whether Juror Powell believed his brother guilty of the misconduct, whether Juror Powell's impartiality was affected by sympathy for his niece, or whether Juror Powell influenced his fellow jury members to find Cooley guilty.

Accordingly, this assertion is without merit.

5

## (2) Recused Judge's Participation in the Process

Cooley contends that he is entitled to relief because Cooley and his counsel were not present when potential jurors were excused from jury service by Judge Martha Ann O'Neal who was not assigned to the case and who had previously recused herself. Cooley asserts that the court minutes show that a judge, other than the trial judge, considered requests to be excused by potential jurors summoned for voir dire. Cooley complains that some of those potential jurors were excused outside of the presence of Cooley and defense counsel when their presence had not been waived. Cooley urges, therefore, that he was denied his right to make a contemporaneous objection.

Cooley posits that there was further impropriety because the witnesses were excused by Judge O'Neal, who had previously recused herself from Cooley's case. Cooley contends that Judge O'Neal had no authority to excuse potential jurors from voir dire, and her actions constituted a reversible error.

The State agrees that, in the days prior to any case being called on November 15, 2010, Judge O'Neal excused several prospective jurors from the venire for good cause pursuant to La.Code Crim.P. art. 403.1 and art. 783. The same thing happened in open court on November 15, 2010, when Judge O'Neal preliminarily qualified the entire venire and granted additional excuses for good cause before resetting all cases scheduled that week to commence on November 15, 2010. The prosecution advances that Cooley and his attorney had the right to attend the preliminary proceedings but they declined the opportunity and failed to object. The State contends, therefore, that Judge O'Neal was dealing with the business of court for her own cases, which resulted in potential jurors being excused from jury service in Cooley's case, as well.

The record shows that Judge O'Neal issued an order recusing herself from Cooley's case as she had been employed or consulted as an attorney in a

related juvenile proceeding. The record also indicates that seventeen different cases were listed for trial for the petit jury week of November 15, 2010, and that Cooley's case was the first on the list. At that point, the case has not been called for trial. It was the next day that Judge Ward Fontenot called the matter for trial. It appears from the transcript of November 15, 2010, that Judge O'Neal, though expecting the jury venire to be used in Cooley's case, anticipated the criminal petit jury venire being used in other cases besides Cooley's.

This court examined the same issue in *State v. Desoto*, 06-1115 (La.App. 3 Cir. 3/14/07), 968 So.2d 146, *rev'd on other grounds*, 07-1804 (La. 3/17/09), 6 So.3d 141. There, the defendant argued there was a defect in the proceedings because a recused judge participated in the process by excusing seven prospective jurors. There were several other cases on the docket, and the recused judge communicated that fact to the jury. Furthermore, the defendant's case was the first on the trial docket. This court held that although the judge recused himself from this particular case, there were other matters pending on the trial docket, and the judge informed the jury accordingly. This court also found important that at the time jurors were excused, the case had not yet been called for trial. This court concluded that there was no reversible error.

Here, like in *Desoto*, this court finds that because the jury venire was called for multiple cases and because the case had not yet been called for trial, the trial court did not commit a reversible error by excusing the jurors.

### (3) <u>Joinder of Offenses</u>

Cooley argues that there was no factual similarity between counts one through three and counts four and five. Cooley urges that joinder of the charges voided the presumption of innocence and resulted in the jury's presumption of his

guilt. Cooley concludes that his right to a fair trial was violated because the prejudice against him overwhelmed the presumption of innocence.

SAME OR SIMILAR CHARACTER:

Cooley first argues that the sexual battery and molestation charges are not of the same or similar character as the aggravated incest charges because the facts are not similar enough; the sexual battery and molestation did not involve a victim related to him, and the aggravated incest charges occurred over a period of time separate and distinct from the sexual battery and molestation counts.

Louisiana Code of Criminal Procedure Article 493 provides for the joinder of charges where the offenses are of the same or similar character:

> Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial.

As relative felonies, all of Cooley's charges in this case were triable by the same mode of trial; relative felonies are triable by a six-person jury, all of whom must concur in order to render a guilty verdict. La.Const. art. 1, § 17; La.R.S. 14:43.1; La.R.S. 14:48.1; La.R.S. 14:81.2; La.Code Crim.P. art. 782.

In *State v. H.A., Sr.*, 10-95, pp. 12-13 (La.App. 3 Cir. 10/6/10), 47 So.3d 34, 43, this court discussed whether attempted aggravated incest and molestation were of the same or similar character where the victims were different and the offenses were separated by eight to fifteen years:

> We have reviewed the considerations and factors set forth in [*State v.*] *Washington*[, 386 So.2d 1368 (La.1980)] in light of the fact that a trial court's discretion should not be disturbed unless that discretion was shown to be abused and conclude that the trial court in the present case did not err in refusing the defendant's motion to sever. The crimes with which the defendant

was charged were similar in a number of respects: 1) both victims were girls who were about nine years of age when the sexual abuse occurred and/or started; 2) both victims had a familial relationship with the defendant--he was married to the mother of both victims and the victims lived with him in his home when the offenses occurred; and 3) the defendant was an authority figure in both instances, father and stepfather.

. . . .

For these reasons, we find that the trial court did not err in refusing to sever the defendant's charges and that this assignment of error is without merit.

The record shows that Cooley was charged with committing aggravated incest upon M.L. over a one-and-a-half-year period, beginning in March 2001 and ending in August 2002; the abuse began when the victim was ten and ended when she was eleven. Cooley was charged with the aggravated incest of S.L. over a nearly five-year period, beginning in March 2002, when the victim was ten, and ending in January 2007, when the victim was fourteen. Cooley was charged with committing aggravated incest upon K.L. over an almost two-year period beginning in November 2005, when the victim was twelve, and ending in September 2007, when the victim was thirteen. Cooley was then charged with committing sexual battery and molestation of sixteen-year-old S.P. on or about December 20, 2007. All charges alleged the sexually-inappropriate fondling, touching, or rubbing of a child under the age of seventeen. The record also shows that the offenses involving S.P. occurred when S.P.'s parents were out of town but on their way back home, when S.P. and her sister had returned home to await their parents' arrival and when Cooley was supposed to be only dropping off S.P.'s brother and placing him in S.P.'s care.

As in *H.A., Sr.*, these charges are of the same or similar character. The charges were all sex crimes involving the fondling, touching, or rubbing of pubescent female victims where Cooley was in a position of authority or perceived

authority over the victims and their siblings. Also, as *H.A., Sr.*, which involved the lapse of several years between the offenses, the lapse of several months between the cessation of Cooley's abuse of his stepdaughters and the date when Cooley abused his friends' daughter is not a factor that would make the offenses dissimilar in character. *See also State v. Friday*, 10-2309 (La.App. 1 Cir. 6/17/11), 73 So.3d 913.[2]

Accordingly, the trial court did not abuse its discretion in determining Cooley's offenses to be of a similar character.

PREJUDICE:

Cooley next contends that the sexual battery and molestation charges should have been severed from the aggravated incest charges because they unfairly prejudiced Cooley and violated his right to a presumption of innocence.

"If it appears that a defendant or the state is prejudiced by a joinder of offenses in an indictment or bill of information or by such joinder for trial together, the court may order separate trials, grant a severance of offenses, or provide whatever other relief justice requires." La.Code Crim.P. art. 495.1.

> In *State v. Brooks*, 541 So.2d 801, 805 (La.1989), the supreme court discussed the grounds for a motion to sever, stating:
>
> > The motion to sever is addressed to the sound discretion of the trial court[,] and the court's ruling should not be disturbed on appeal absent a showing of an

_____

[2]In this case, evidence of either offense—aggravated rape or molestation of a juvenile— would have been admissible as other crimes evidence under La.Code Evid. art. 412.2 at the trial of the other offense to show the defendant's lustful disposition toward young children. Despite the lapse of time between the two offenses, the identity of the defendant as the perpetrator and the similar character of the offenses remained unchanged. *See State v. Williams*, 05-317 (La.App. 5 Cir. 11/29/05), 918 So.2d 466, *writ denied*, 06-638 (La. 10/6/06), 938 So.2d 64 (upholding the trial court's denial of a motion to sever a charge of rape committed from 1998 to 2002 and a charge of aggravated rape committed from 1986 to 1992). *See also State v. Dickinson*, 370 So.2d 557 (La.1979) (upholding the denial of a motion to sever in a case that involved the kidnapping-attempted rape of one victim and then, a year later, the kidnapping-attempted rape of another victim); *State v. Mitchell*, 356 So.2d 974 (La.), *cert. denied*, 439 U.S. 926, 99 S.Ct. 310 (1978) (upholding the denial of a motion to sever in a case involving three rape victims over a five-month period).

abuse of discretion. *State v. Williams*, 418 So.2d 562, 564 (La.1982). In ruling on such a motion, the trial court must weigh the possibility of prejudice to the defendant against the important considerations of economical and expedient use of judicial resources. In determining whether joinder will be prejudicial, the court should consider the following:

> whether the jury would be confused by the various counts; whether the jury would be able to segregate the various charges and evidence; whether the defendant would be confounded in presenting his various defenses; whether the crimes charged would be used by the jury to infer a criminal disposition and finally, whether, especially considering the nature of the charges, the charging of several crimes would make the jury hostile.

*State v. Washington*, 386 So.2d 1368 (La.1980) (citations omitted).

*H.A., Sr.*, 47 So.3d at 42. "A defendant alleging a prejudicial joinder of offenses has a heavy burden of proof." *State v. Welch*, 03-905, p. 5 (La.App. 5 Cir. 11/25/03), 864 So.2d 204, 208, *writ denied*, 04-171 (La. 2/4/05), 893 So.2d 88.

Cooley does not argue that there was a danger that the jury would confuse the facts of the different offenses; Cooley points out no possible defenses that were confounded by the joinder, and he does not argue that the joinder resulted in the jury's inferring that he had a criminal disposition.

Instead, Cooley maintains that he was prejudiced because the joinder resulted in a hostile jury. Yet, the defense fails to point to any evidence that the jury became hostile towards Cooley as a result of the charges against him. Moreover, Cooley does not contest the sufficiency of the evidence introduced to support his convictions, so Cooley is not asserting that jury hostility was the only or primary reason for his convictions.

Accordingly, the trial court did not abuse its discretion in denying Cooley's claims that he was prejudiced by the joinder.

Cooley asserts that the trial court erred in allowing Counts four and five to be billed as separate offenses and Cooley was subjected to double jeopardy. Cooley alleges that both counts occurred during the same encounter and were, therefore, not separated by time. Cooley also argues that the elements of sexual battery constitute full proof of molestation of a juvenile; thus, Cooley was charged twice for the same crime.

Louisiana has a dual test for double jeopardy. This court has previously explained:

> In *Blockburger v. U.S.*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the United States Supreme Court set out the following test: ". . . where the same act or transaction constitutes a violation of two distinct statutory provisions the test to be applied to determine whether there are two different offenses or only one, is whether each provision requires proof of an additional fact which the other does not."
>
> The other standard used by the courts is the "same evidence test" as follows: "If the evidence required to support a finding of guilty of one crime would also have supported a conviction for the other, the two are the same under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one. *The test depends on the evidence necessary for a conviction, not all of the evidence introduced at trial.*"

*State v. Pierce*, 01-94, p. 27 (La.App. 3 Cir. 10/31/01), 799 So.2d 732, 749, *writ denied*, 01-3312 (La. 1/10/03), 834 So.2d 427 (citations omitted) (emphasis added).

SAME TRANSACTION TEST:

Under the "same transaction" test, there is no double jeopardy where there are two different offenses and where each provision requires proof of an additional distinct element that the other does not. Louisiana Revised Statutes 14:43.1 defines sexual battery:

A. Sexual battery is the intentional engaging in any of the following acts with another person where the offender acts without the consent of the victim, or where the act is consensual but the other person, who is not the spouse of the offender, has not yet attained fifteen years of age and is at least three years younger than the offender:

(1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender; or

(2) The touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim.

B. Lack of knowledge of the victim's age shall not be a defense. However, where the victim is under seventeen, normal medical treatment or normal sanitary care of an infant shall not be construed as an offense under the provisions of this Section.

Molestation of a juvenile is defined by La.R.S. 14:81.2:

A. Molestation of a juvenile is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile. Lack of knowledge of the juvenile's age shall not be a defense.

The second circuit has determined that, under the same "transaction test," there is no double jeopardy for a dual conviction of sexual battery and molestation of a juvenile because each requires proof of an element that the other does not:

Sexual battery requires that the offender touch the victim on the anus or genitals or the victim touch the offender on the anus or genital. This element is not required for aggravated incest/molestation of a juvenile. Conversely, aggravated incest/molestation of a juvenile requires proof that the defendant had specific intent of arousing or gratifying the sexual desires of either person, an element not included in sexual battery. Accordingly, convictions

13

for sexual battery and aggravated incest/molestation of a juvenile do not constitute double jeopardy under *Blockburger*.

*State v. Redfearn*, 44,709, p. 20 (La.App. 2 Cir. 9/23/09), 22 So.3d 1078, 1091, *writ denied*, 09-2206 (La. 4/9/10), 31 So.3d 381.

This court adopts the second circuit's reasoning and holds that in this case, there is no double jeopardy under the "same transaction" test.

SAME EVIDENCE TEST:

> The "same evidence" test depends upon the proof required to convict, not the evidence actually introduced at trial. Thus, if the evidence necessary to support the second indictment would have been sufficient to support the former indictment, double jeopardy prohibits the second prosecution.

*State v. Knowles*, 392 So.2d 651, 654 (La.1980) (citations omitted).

The *Redfearn* court also discussed the "same evidence" test in context of sexual battery and molestation:

> Application of this test is often difficult when the allegedly separate offenses arise out of one event.
>
> In *State v. Bonfanti*, 262 La. 153, 262 So.2d 504 (1972), the court sustained the defendant's claim of double jeopardy regarding a subsequent charge of indecent behavior with juveniles stemming from the same conduct for which he had been convicted of simple battery on the same juvenile. In *Bonfanti*, the court noted that the two charges arose from one occurrence. The evidence used to support the defendant's previous conviction of simple battery was his use of intentional force on the juvenile by putting his hands up her dress. There was no additional evidence to support the subsequent charge for indecent behavior; thus each offense required the same evidence and subsequent prosecution of the second charge was barred as double jeopardy.
>
> In *State v. Steele*, *supra*, [387 So.2d 1175 (La.1980),] the defendant was originally charged with three offenses, including reckless driving, DWI, and negligent injuring. He pled guilty to DWI and the charge of reckless driving was dismissed. The state then proceeded to prosecute Steele for negligent injuring.

When applying the "same evidence" test to the crimes of DWI and negligent injuring, the Supreme Court *looked at the definitions of the two crimes*, determined that the same evidence would not be required to convict Steele on both charges, and concluded that there was no double jeopardy as to these two charges. However, when the *Steele* court applied the "same evidence" test to the charges of reckless driving and negligent injuring, it concluded that the evidence to prove the second charge (i.e., negligent injuring) would have been sufficient to convict on the first charge (i.e., reckless driving). *Id.*, at 1178. Thus, under the "same evidence" test a prosecution of the negligent injuring charge would be a violation against double jeopardy.

In *State v. Sandifer*, *supra*, [95-2226 (La. 9/5/96), 679 So.2d 1324,] the defendant was charged with possession of marijuana and cocaine and possession of a weapon while in possession of a controlled dangerous substance. The defendant pled guilty to possession of marijuana, and subsequently filed a motion to quash the weapon charge. The Louisiana Supreme Court determined that the evidence of the defendant's alleged possession of cocaine, for which he had not been convicted, provided a proper basis to support his prosecution under the weapon charge. *Id.*, at 1330. The evidence of the defendant's possession of marijuana was not required in order to convict him of the weapon offense, because other evidence existed sufficient to support the charge.

The circumstances in this case are analogous to those in *State v. Steele*, *supra*, and *State v. Sandifer*, *supra*. The evidence required for the conviction for aggravated incest/molestation of a juvenile is not the same evidence required for sexual battery. In this instance, we have already concluded above that the evidence was sufficient to show that Redfearn engaged in a lewd and lascivious act by fondling himself in the presence of his daughter with the specific intent of gratifying himself. Indeed, the evidence required and proven for this particular conduct is distinct from the evidence of the conduct constituting sexual battery, that is, the defendant's rubbing of his penis on the victim's vagina. Additionally, aggravated incest required evidence of the child's relationship to the father by blood, marriage or adoption which was not required for the sexual battery conviction.

We therefore conclude that the defendant has not been subjected to double jeopardy in this case.

*Redfearn*, 22 So.3d at 1091-92.

15

In this case, the sexual battery and molestation charges arise from Cooley's conduct when he was home alone with S.P. and her siblings. The series of events began when S.P., her brother, Cooley's son, and Cooley had been play-wrestling in the living room. Cooley began handling S.P. in a manner that made her uncomfortable, so S.P. left the living room and went into her bedroom to sleep.

The record shows that Cooley followed S.P. into her bedroom and sat at the end of her bed. Cooley directed his son to lie down beside S.P., and Cooley began rubbing S.P.'s stomach, blowing on it, and saying how hot S.P. was. Cooley continued touching and blowing on S.P.'s stomach while he lifted up her shirt and looked at her breasts. Cooley then began rubbing the inside of her thigh and grazing her private area. Eventually, Cooley directed his son to kiss S.P.. After Cooley's son kissed S.P. on the lips, Cooley directed his son to kiss her again. S.P. continued to pretend sleeping, but she rolled over onto her side in an attempt to get Cooley to stop rubbing her inner thighs. While she was in that position, Cooley unfastened her bra before waking her up and instructing her to get into her pajamas. Cooley said they were leaving, so she got up and put on her night pants and a sweatshirt.

When S.P. returned to bed, Cooley and his son came back into the room. Cooley recommenced rubbing and blowing on S.P.'s stomach while Cooley's son, once again, lay down beside S.P.. This time Cooley's son rubbed S.P.'s stomach and breasts while Cooley also resumed rubbing S.P.'s inner thighs and vaginal area with his hand on the outside of her clothing. S.P. feigned sleep until they left.

The molestation of a juvenile charge arose from Cooley's rubbing of S.P.'s stomach and exposing her breasts, while the sexual battery charge resulted from Cooley's intentional touching of S.P.'s genitals. Therefore, as Cooley's convictions arose from two distinct sets of facts, Cooley's convictions for both

sexual battery and molestation of a juvenile do not constitute a double jeopardy violation under the "same evidence" test.

## (5) Special Jury Instructions

As part of his proposed jury instructions, Cooley requested special instructions concerning the definition of "lewd and lascivious," "force," and "use of force." The trial court refused all three of the requested special jury instructions.

If either the defense or the prosecution desires a special jury charge, the trial court is required to include it, provided that it meets certain criteria:

> The state and the defendant shall have the right before argument to submit to the court special written charges for the jury. Such charges may be received by the court in its discretion after argument has begun. The party submitting the charges shall furnish a copy of the charges to the other party when the charges are submitted to the court.
>
> A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given.

La.Code Crim.P. art. 807.

SPECIAL INSTRUCTION ON "LEWD AND LASCIVIOUS"

Cooley requested the following special instruction:

"Finding that act is lewd or lascivious depends upon time, place, and all circumstances surrounding its commission, including actual or implied intention of actor."

In *State v. Sturdivant*, 27,680, p. 6 (La.App. 2 Cir. 2/28/96), 669 So.2d 654, 658-59 (citations omitted) (emphasis added), the second circuit mentioned that lewd and lascivious conduct should be construed within the context of facts of the case:

17

The word "lewd" means lustful, indecent and signifies that form of immorality which relates to sexual impurity carried on in a wanton manner. The word "lascivious" means tending to incite lust, indecent, obscene and tending to deprave the morals in respect to sexual relations. Further, the word "lewd" is identified with obscenity and community norms for morality. *Finding that an act is lewd or lascivious depends upon the time, the place and all of the circumstances surrounding its commission, including the actual or implied intention of the actor.*

In order to be mandatory, the special jury charge must be pertinent and require no further explanation. La.Code Crim.P. art. 807.

In this case, there was no possible legitimate excuse or explanation for Cooley's actions toward S.P. that would clear Cooley's actions from the taint of lust, indecentness, or sexual immorality. Cooley was an adult who deliberately, intentionally, and inappropriately touched a teenager without her consent. This is not the type of behavior that can be justified as an acceptable social interaction. Further, as Cooley was not performing a medical examination, he was not acting in any capacity that would justify his actions of viewing S.P.'s breasts or touching her stomach, inner thighs, and vaginal area. Thus, the instruction was not pertinent to this case. Additionally, because of its lack of pertinence, this special jury instruction would have probably confused the jury and would have required additional explanation.

SPECIAL JURY INSTRUCTION ON "FORCE"

Cooley also requested the following special instruction:

In Count 5 of the bill of information, the state has charged the defendant with Molestation of a Juvenile, by committing a lewd and lascivious act by use of force, violence, duress, menace, psychological intimidation, or threat of great bodily harm. This requires proof of forcible means of overcoming the will or the resistance of the victim in addition to any mere touching or minimum effort exerted in performing the lewd act.

18

As stated above, a special jury charge is only mandatory if it is entirely correct. First, Cooley's jury instruction was incorrect because he was only charged with "the use of force, duress or psychological intimidation." Therefore, the inclusion of the factors "menace" and "threat of great bodily harm" was incorrect. Furthermore, the requested jury charge was incorrect because the State was not required to prove that the molestation happened by force as the bill of information charged that the molestation occurred through use of force, duress, **or** psychological intimidation.

SPECIAL JURY INSTRUCTION ON "USE OF FORCE"

Finally, Cooley requested the following special jury charge defining "use of force:"

> "Use of force" element of molestation of a juvenile refers to use of a forcible means of overcoming will or resistance of victim, requiring a use of force in addition to any mere touching or minimum effort exerted in performing lewd act against victim, which force is substantially greater than or substantially different from force necessary to commit offense of indecent behavior with a juvenile.

This special jury instruction is also not entirely correct. It implies that force is an essential element of indecent behavior with juveniles when "use of force" is not even mentioned in La.R.S. 14:81. Therefore, the requested jury instruction incorrectly stated that a use of force was "necessary to commit offense of indecent behavior with a juvenile."

## (6) Opinion Testimony

Cooley argues that the trial court allowed improper rebuttal evidence by allowing Mr. Greg Gill to testify after granting Cooley's Motion in Limine on the very subjects to which Mr. Gill testified. Cooley contends that the rebuttal testimony stating Cooley's stepdaughters were acting out sexually and that Cooley

was grooming the girls for future sexual activity was improper because it constituted an opinion, and Mr. Gill was not qualified as an expert witness. Cooley advances that this defeated the purpose of the trial court's prior ruling excluding the testimony of an expert witness who was going to give the same testimony.

The State responds that the defense made no contemporaneous objection on this basis during the direct or redirect testimony of Mr. Gill. Though Mr. Gill testified twice, Cooley's only objection during Mr. Gill's testimony was that a question had been asked and answered. Further, the State never asked Mr. Gill about "grooming;" instead, the prosecution simply asked Mr. Gill why the Department of Child and Family Services, "DCFS," involved K.L. in this case, and Mr. Gill responded that, based on Cooley's history with the two older children, DCFS was concerned that K.L. was being groomed for sexual abuse. Mr. Gill did not elaborate or define "grooming," and the State did not ask for any such explanation.

The prosecution points out that Mr. Gill's testimony about M.L. and S.L.'s sexual acting out was not elicited by the State. Rather, the defense specifically brought up the matter in cross-examination when it asked about notations in the DCFS file about the girls' sexual acting out. As it was the defense that brought the matter to light, defense counsel, naturally, did not object to the introduction of the information into evidence. Therefore, there is no basis for Cooley's complaint on appeal.

As argued by the prosecution, the testimony regarding M.L. and S.L.'s sexual acting out was elicited by the defense. The State did not solicit this testimony. Finally, even if the evidence were improperly admitted, the admission was a harmless error because this testimony comprised an insignificant portion of the total evidence against Cooley.

20

IV.

## **<u>CONCLUSION</u>**

For the reasons above, Terry L. Cooley's convictions and sentences are affirmed.

**AFFIRMED.**