NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-627

STATE OF LOUISIANA

VERSUS

DERRICK CLARK

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. CR2011-3200
HONORABLE JOEL G. DAVIS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JIMMIE C. PETERS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

AFFIRMED.

**Edward J. Marquet**
**Louisiana Appellant Project**
**P. O. Box 53733**
**Lafayette, LA 70505-3733**
**(337) 237-6841**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Derrick Clark**

**H. Todd Nesom**
**District Attorney**
**Joe Green**
**Assistant District Attorney**
**Thirty-Third Judicial District**
**P. O. Box 839**
**Oberlin, LA 70655**
**(337) 639-2641**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**PETERS, J.**

The State of Louisiana (state) charged the defendant, Derrick Clark, by bill of information with the offense of armed robbery, a violation of La.R.S. 14:64. At trial, a jury found the defendant guilty of the lesser and included offense of first degree robbery, a violation of La.R.S. 14:64.1. Before he could be sentenced on the conviction, the state filed a second bill of information charging the defendant as a multiple offender, pursuant to La.R.S. 15:529.1. After a hearing on his multiple offender status, the trial court adjudicated him a third felony offender and sentenced him to serve twenty-four years and 240 days at hard labor. The defendant has appealed, asserting two assignments of error. For the following reasons, we affirm his conviction and his adjudication as a third felony offender in all respects.

### DISCUSSION OF THE RECORD

On April 26, 2011, JD's Convenience Store, in Allen Parish, was robbed at gunpoint by a man whose features were hidden by a hoodie and a purple bandana. The defendant and Joshua Denton were later stopped by investigating officers because the vehicle Denton was driving resembled one seen near the scene of the robbery. Denton's testimony and the defendant's DNA on a subsequently recovered purple bandana identified the defendant as the man who robbed the convenience store.

On June 10, 2011, the state filed a bill of information charging the defendant with the April 26, 2011 armed robbery of JD's Convenience Store. A jury trial began on August 19, 2013, and the jury returned its verdict on September 12, 2013. On October 17, 2013, the state filed the bill of information charging the defendant as a multiple offender. The trial court considered this issue at an April 2, 2014

hearing, and after considering the evidence presented, adjudicated the defendant as a third felony offender. The trial court then sentenced him to the previously stated hard-labor sentence.

In his appeal, the defendant argues one assignment of error addressing the jury trial and a second addressing the multiple offender proceedings. With regard to the jury trial, the defendant asserts that that the trial court erred in refusing to instruct the jury regarding the definition of accessory after the fact. With regard to the multiple offender proceedings, the defendant asserts that the state failed to establish both the prior felony convictions and the defendant's identity as the person who committed those felonies.

### *Assignment of Error Number One*

With regard to special jury charges, La.Code Crim.P. art. 807 states, in pertinent part, that "[a] requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given." Additionally, "a special jury charge is only mandatory if it is entirely correct." *State v. Cooley*, 11-959, p. 19 (La.App. 3 Cir. 4/4/12), 87 So.3d 285, 299, *writ denied*, 12-1008 (La. 10/26/12), 99 So.3d 640.

In this assignment of error, the defendant argues that the trial court erred in refusing to instruct the jury concerning the offense of assessory after the fact. That offense is defined by La.R.S. 14:25, which states, in pertinent part:

> An accessory after the fact is any person who, after the commission of a felony, shall harbor, conceal, or aid the offender, knowing or having reasonable ground to believe that he has committed the felony, and with the intent that he may avoid or escape from arrest, trial, conviction, or punishment.

2

However, assessory after the fact is not a responsive verdict to armed robbery. La.Code Crim.P. art. 814(22),

While acknowledging that assessory after the fact is not a responsive verdict to armed robbery, the defendant, nonetheless, requested that the trial court instruct the jury concerning that offense, and the state objected. In sustaining the state's objection, the trial court stated:

> Okay. I agree with [counsel for the state]. I believe that you can argue it and you can argue that another law applies to this case. And since it's not a responsive verdict that the jury should find him not guilty. But I agree with [counsel for the state] that if the Court was to charge the jury with a crime which is not a responsive verdict in the matter, then it would be confusing to the jury and it might actually tend to imply to the jury that that is what the Court feels that they should find. So therefore the Court will deny the request for the special jury instruction. However, I will file your requested special jury instructions with the clerk.

We find no error in the trial court's ruling. The evidence developed at trial was that the defendant was the gunman who entered the convenience store and that Joshua Denton was an unwitting accomplice who drove him to and from the crime scene. While none of the individuals in the convenience store were able to identify the defendant as the hooded individual who committed the robbery, and while he did not see the defendant enter the convenience store, Denton did testify that he drove the defendant to the area and parked near some baseball fields; that the defendant appeared nervous when he left the vehicle; and that he was still nervous when he returned and was anxious to leave the area. Denton also testified that the defendant later caused him to stop in a secluded area, where he [the defendant] discarded various items, and when he [Denton] later took the investigating officers to the same spot, one of the items recovered was the purple bandana containing the defendant's DNA.

Thus, the jury could have found that the defendant was or was not the gunman who robbed the convenience store. However, nothing in the evidentiary record exists to even suggest that the defendant might be guilty of assessory after the fact. Thus, any special instruction to the jury would be neither wholly correct nor pertinent. La.Code Crim.P. art. 807. We find no merit in this assignment of error.

### *Assignment of Error Number Two*

The defendant argues in this assignment of error that the evidence presented by the state, in support of his multiple offender bill, did not demonstrate that he was the same person who committed the predicate offenses. We find no merit in this assignment of error.

In the multiple offender bill of information, the state charged the defendant with having been convicted of two counts of armed robbery, in violation of La.R.S. 14:64, on January 1, 2000; of one count of simple burglary, in violation of La.R.S. 14:62, on January 1, 2000;[1] and of one count of theft of a motor vehicle, in violation of La.R.S. 14:67.26(A)(1), on December 2, 2009. All of the prior convictions were alleged to have occurred in Allen Parish.

At the hearing on the multiple offender charge, the state presented a number of exhibits as well as the testimony of Allen Parish law enforcement officers involved in the prior convictions. Detective Greg Quirk was involved in the investigation and prosecution of the two armed-robbery convictions and testified at the defendant's trial on those offenses, where he identified the defendant as the individual who committed the offenses. His in-court identification of the

---

[1] At the multiple offender hearing, the state treated both armed robbery convictions as though they were one conviction and presented no evidence concerning the simple burglary conviction.

defendant in the multiple offender hearing was repeated by State Parole Officer Kent Fontenot.

The testimony of State Parole Office Angela Aymond also established that the defendant was the same man who committed the motor vehicle theft. Officer Aymond testified that she had a photograph of the defendant in her file, which depicted him as the individual convicted in that charge, and she further identified the defendant at the hearing on the multiple offender charge as being the individual she supervised on parole in connection with that offense.

Notwithstanding this testimony, the defendant argues that because the witnesses provided two social security numbers and two different birthdays for him, the state's identity evidence fails. Specifically, the defendant points to the fact that Detective Quirk and Ms. Aymond had the defendant's social security number in their records as 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, while a document from the clerk of court's office reflected a social security number of 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; and that while Detective Quirk recorded the defendant's birthday as October 16, 1979, Officer Fontenot had it recorded as October 6, 1979.

While noting these minor typographical errors, the defendant also acknowledges that various methods exist for establishing identity as a habitual offender. In fact, the very language from the supreme court cited by the defendant in support of his position sets forth the many ways the identity may be established:

> As this Court has repeatedly held the expert fingerprint comparison is only one of many routes the State can take to meet its burden under the Habitual Offender Act. *See* [*State v*.] *Payton*, 00-2899 at p. 6, [(La.3/15/02)] 810 So.2d [1127] at 1130-31 ("In attempting [to meet its burden], the State *may* present: (1) testimony from witnesses; (2) expert opinion regarding the fingerprints of the defendant when compared with those in the prior record; (3) photographs in the duly authenticated record; or (4) evidence of identical driver[']s license number, sex, race and date of birth.") (emphasis added); *State v. Lee*,

364 So.2d 1024, 1031-32 (La.1978); [*State v.*] *Curtis*, 338 So.2d [662] at 664 [La.1976].

*State v. White*, 13-1525, pp. 4-5 (La. 11/8/13), 130 So.3d 298, 301.

In the present case, the state presented testimony from Detective Quirk that the defendant was the same man who committed the two previous armed robberies referenced in the multiple offender bill, and that the defendant, who committed those armed robberies, was the same man who committed the first degree robbery which forms the basis for the multiple offender proceeding. Parole Officer Fontenot testified to the same effect. The testimony of Officer Aymond with regard to the motor-vehicle charge listed in the habitual offender bill reached the same result. Thus, the evidence presented by the state was sufficient to carry the burden on the multiple offender proceedings.

## DISPOSITION

For the foregoing reasons, we affirm the defendant's conviction of first degree robbery, in violation of La.R.S. 14:64.1, and his conviction as a third felony offender pursuant to La.R.S. 15:529.1.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION
Uniform Rules—Courts of Appeal, Rule 2-16.3

6